```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL DAVIS,

            Plaintiff,        07 Civ. 6592 (JGK)

   - against -          ORDER

CORRECTION OFFICER RHOOMES, et al.,

            Defendant(s).

JOHN G. KOELTL, District Judge:

    The Court has received the attached letter from the plaintiff, which the Court construes as a reply in further support of the plaintiff's motion for preliminary injunction. The plaintiff should not submit any documents to the Court without sending a copy to the attorney for the defendants. The defendants should respond to the specific charges made by the plaintiff by **November 23, 2007**.

    The plaintiff's time to file any additional reply to the government's response to the preliminary injunction motion, which the plaintiff claims he did not receive, is extended to **November 9, 2007**.

    The Court also received an addendum to the complaint to add another cause of action. Complaints may only be amended once as a matter of right. Because the complaint has already been amended once (Docket #2, Amended Complaint filed August 17, 2007), the plaintiff's addendum to the complaint will be treated

as a motion to file an amended complaint. The government should respond to this motion by **November 23, 2007**. The plaintiff should reply to the government's response by **December 7, 2007**.

SO ORDERED.

Dated:   New York, New York
         October 22, 2007

_____
John G. Koeltl
United States District Judge

OCT 22 2007

92-A-2437
Box 1245
Beacon, NY 12508
October 18, 2007

Honorable John G. Koeltl,
United District Court Judge,
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: Davis v. Rhoomes, et al.,
07-CV-6592 (JGK)

Dear Judge Koeltl:

    I am writing to you regarding my motion for an order to show cause and my application for a preliminary injunction and restraining order, and my claims that I would be subject to harassment and retaliation against by the defendants for filing this lawsuit which may claims have came to past.

    As I stated in my reply to the Assistant Attorney General response to the order to show cause motion and my application for a preliminary injunction and restraining order that I was issued a misbehavior report in retaliation for filing this lawsuit on October 5, 2007, which the report as written-up charged me with possession of contraband and unauthorized possession of items, i.e. Two-Small-Rocks while I was in the Gym working-out on the evening of October 5, 2007.

    The misbehavior report was written-up as a Tier II disciplinary report but three-and-half (3½) days later someone added a new charge to the misbehavior report's to include the possession of a weapon charge, which, was not written by the officer who wrote the original misbehavior report, was upgrade from a Tier II to a Tier III disciplinary report on October 9, 2007.

On October 16, 2007, despite my repeated objection to the weapon possession charge being added to the misbehavior report by someone other than the officer who wrote the report, I was found guilty of all of the charges at a disciplinary hearing held on October 16th, and a penalty of 60-days of Special Housing Time (SHU) and 60-days lost of commissary, phone privileges and packages, was imposed, whereby shortly thereafter I was transferred to Fishkill Correctional Facility, Beacon, New York, where I am now housed at Fishkill Correctional Facility Special Housing Unit, S200 Block.

However, around 12:30 pm on the afternoon of October 17, 2007 I was served with a copy of another misbehavior report from Mid-Orange Correctional Facility claiming that an officer who were packing-up my personal property in DSU Special Housing Section at Mid-Orange "to be transfer to Fishkill SHU found a white sock approximately 16 inches long with a rock weighing 1.6 lbs and a hot pot." As a result, the item was confiscated and a tier III misbehavior report was issued against me charging me with possession of contraband, unauthorized possession of property and possession of a weapon, which I am dumfounded by these new charges because if a rock was in my personal property someone put it there, not me.

Certainly, there was no rocks among my personal property prior to me being found guilty of the prior charges and key lock around 9:30 am on the morning of October 16, 2007, because I had went through the bags containing my personal property looking for some documents the night before.

As I stated previously, these misbehavior reports and charges being lodge against me are in retaliation for filing the lawsuit because the area, DSU unit, where

-4-

- 3 -

the officer allegedly found the rule among my personal property is in the building and just a few feets away where the Hearing officer defendant Falisk's office is located and where another Hearing officer/'s who is a ~~closet~~ closet friend of defendant Andino is also located who were very instrumental in influencing the Hearing officer to convict me on October 16th.

Moreover, I believe one of these Hearing officers added the weapon charge to the first misbehavior report because if the officer who wrote the report had added a weapon charge in the misbehavior reports on the evening of october 5th I would have been moved out-of- outside clearance compound and placed under key lock status, and transferred to S200 Block of Fishkill special Housing Unit that night, but, instead, I was not moved out-of- outside clearance H's compound until after the weapon charge was added on October 9, 2007. I was moved out-of the H's compound the same day, but I was not placed under key lock status.

Not, it is strange that all these misbehavior reports and charges are now being issued against me after the defendants Rhoomes, Andino, Degnan and Falisk was served with the summons and complaints by the Orange County Sheriff's Department on october 2, 2007, which adds credence to my claim that I am being harassed and retaliated against for having filed this lawsuit which is why a preliminary injunction and restraining order should be issued.

It is further evident that the officers in going through my personal property to be transferred to Fishkill upon discovering the 1983 Civil Rights complaint and reading the names of the defendants thereon reacted in a revengeful manner

which means that there is no doubt that I am the target of harassment and retaliation by some officers with the blessing of some defendants for having filed the lawsuit against some of their fellow officers which is why this court should look at this matter at the earliest possible date.

I am, therefore, urging your Honor to grant me a conference call to enable me to further discuss this matter at the earliest possible date with the view of granting my motion for the assignment of counsel, and also issuing a preliminary injunction and restraining order against the defendants, because I am now severely limited in my ability to adequately respond to the defendants motions regarding this lawsuit and to seek discovery of vital documents and other evidence crucial to this case and to support my claims.

Please note that my address have temporarily have change to the following:

Samuel Davis
92-A-2437
Fishkill Correctional Facility
Special Housing Unit,
Box 1245
Beacon, New York 12508

Respectfully Submitted,

Samuel Davis, Pro se