USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAMUEL DAVIS,

                Plaintiff,        07 Civ. 6592 (JGK)

    - against -              ORDER

CORRECTION OFFICER RHOOMES, et al.,

                Defendant(s).

---

JOHN G. KOELTL, District Judge:

    The plaintiff has submitted several documents seeking to amend or supplement his complaint in this action including an Addendum to Amended 1983 Civil Rights Complaint dated October 15, 2007, a Notice of Motion to Amend Complaint dated December 7, 2007, a Notice of Motion to Remove Statements from Amended Complaint dated December 3, 2007, and a letter dated December 28, 2007 seeking more time to respond. The defendants have submitted a letter dated December 17, 2007.

    The defendants do not object to the addition of the allegations in the Addendum to Amended 1983 Civil Rights Complaint against defendant Jones and reserve their right to move to dismiss the allegations for failure to state a claim. The defendants object to the plaintiff's effort to add additional allegations to the complaint against new defendants Korines, Jacobsen, and Niles. The additional allegations charge that the new defendants participated in disciplinary action against the plaintiff in retaliation for his bringing the original complaint in this action. The defendants contend that the new charges were justified and that the plaintiff will be unable to prove that the disciplinary actions were retaliatory and thus related

to the original charges in this case. They therefore ask the Court to deny the motion to amend the complaint.

Leave to amend "shall be freely given when justice so requires." Federal Rule of Civil Procedure 15(a). Moreover, the Court may permit a party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Federal Rule of Civil Procedure 15(d). While futility is a basis for denying a motion to amend, the Court could not determine on the basis of the defendant's letter that the amended pleading would be futile. The defendants can of course raise any arguments on a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Similarly, even if the new allegations survive a motion to dismiss, or even a motion for summary judgment, if the occurrences pleaded in the Supplemental Complaint are indeed so unrelated to the occurrences originally pleaded that they should not be tried together, the defendants can move to sever claims or parties. See, e.g., Fed. R. of Civ. P. 20(b); 21.

Therefore, the plaintiff's motions to amend the complaint and to remove statements from the amended complaint are **granted** without prejudice to any defenses the defendants may raise to the Amended Complaint actually filed by the plaintiff. The plaintiff should serve and file any amended complaint by **February 8, 2008**. This case is referred to the Magistrate Judge for general pre-trial supervision.

This Order disposes of all open motions; any motions not specifically referred to in this order are **denied** as moot.
SO ORDERED.

Dated:     New York, New York
           January 4, 2008

                                   _____
                                            John G. Koeltl
                                   United States District Judge