UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL DAVIS,

                    Plaintiff,              07 Civ. 6592 (JGK)

        - against -                         ORDER

CORRECTION OFFICER RHOOMES, ET AL.,

                    Defendants.

JOHN G. KOELTL, District Judge:

        The Court has received a letter from the plaintiff dated

October 19, 2009, which it now forwards to the parties.   The

Court has already ruled that the defendants can move for summary

judgment.   The plaintiff can make his arguments in response in

his opposition, due December 21, 2009.

SO ORDERED.

Dated:    New York, New York
          October 23, 2009

                                        John G. Koeltl
                                  United States District Judge

USDS SONY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/23/09_

92-A-2437
P. O. Box 1245
Beacon, NY 12508

October 19, 2009

Honorable John G. Koeltl,
United States District Court Judge,
United States District Court,
Southern District of New York,
United States Courthouse
500 Pearl Street
New York, New York 10007-1312



Re: Davis v. Rhoomes,
etal.,

07-Civ.6592(JGK)

Dear Judge Koeltl:

I am writing to you regarding the above-noted matter and to response to defendants attorney letter to you dated October 9, 2009, which I received a copy thereof on October 15, 2009

## Plaintiff Allegations in his Complaint

### A.    Retaliation Claims

Plaintiff asserts that Correction Officer Rhoomes' who were working in the Law Library at Mid-Orange Correctional Facility, and Correction Officer Andine intentional concocted, embellished, fabricated and falisfied disciplinary against the plaintiff's in issuing their Misbehavior Report against plaintiff on March 30, 2007.

Moreover, plaintiff further asserts that the Misbehavior Report issued against him were in retaliation for the grievance complaints the plaintiff's filed against Correction Officer Rhoomes on March 26, 2007 and March 29, 2007, respectivel, see Franco v. Kelley, 854 F. 2d 584, 589-590 (2nd Cir. 1988); see also Graham V. Henderson, 89 F. 3rd 75, 80 (2nd Cir. 1996); Gayle v. Gonyea, 313 F. 3rd 677, 683-684 (3rd 2nd Cir. 2002), Bennett v. Goord, 343 3rd 133, 137 (2nd Cir. 2003). Moreover, plaintiff further asserts that the Misbehavior Report was issued against him in retaliation for the grievance complaints filed against Correction Rhoomes on March 26, 2007 and March 29, 2007, respectively, which is evident by documentation the plaintiff's received from prison administrative official regarding this matter in August 2007 in which shows that Correction Officers Rhommes and Adino lied about the reason for issuing the Misbehavior Report's against plaintiff on March 30, 2007.

Plaintiff also asserts that Lieutenant Faliski who held the disciplinary hearing on the charges' contain in the Misbehavior Report on April 9, 2007 and April 11, 2007, respectively, knew that the disciplinary charges against the plaintiff's was fabricated at the time of holding the hearing's and that there was insufficient evidence to support the charges.

Plaintiff maintains that Lieutenant Faliski further knew that the Misbehavior Report was issued in retaliation for the grievance complaints the plaintiff's had filed against Correction Officer Rhoomes on March 26, 2007 and March 29, 2007, but he engage in activities to cover-up Correction Officers Rhoomes and Andino misconduct. 1

This is evident because Lieutenant Faliski himself engaged in retalitory  action against plaintiff by threaten him with further, retaliation, Misbehavior write-ups if the plaintiff's appeal his decision rendered on the charges contain in the Misbehavior Report's on April 11, 2007, which less than six (6) months later Lieutenant Faliski's was able to full filled his retaliation threats against the plaintiff's by falifying a disciplinary charge on the Misbehavior Report issued against plaintiff on October 5, 2007. This occurred in retaliation for the 1983 Civil Rights Lawsuit plaintiff filed against him and several others prison officials at Mid-Orange Correctional Facility in June 2007, which the defendants were served with the Summons and Complaint on October 2, 2007 in which 3-days later the plaintiff's received the first of his two Misbehavior Reports on October 5, 2007, see Franco v. Kelley, 854 F. 2d at 587-58; see also Graham v. Henderson, 89 F. 3rd at 79, Jones v. Coughlin, 45 F. 677, 679 (2nd Cir. 1995).

Contrary to defendants attorney claims, Summary Judment is not warrant because plaintiff have provided sufficient evidence and material facts to support his retaliation claims which the disparity between defendants assertion and the plaintiff's claims creates a credibility issue that is not readily amenable to resolution on Summary Judgment, see United States v. Rem, 38 F. 3rd 634, 644 (2nd Cir. 1994), which the plaintiff's have establish triable issues of material facts to show causal connection to support plaintiff claims of defendants' adverse action to withstand defendants Summary Judgment Motion.

Therefore, Summary Judgment is not appropriate if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, see Ford v. Reynolds, 316 F. 3rd 351, 354 (2nd Cir. 2003), because, in case at bar, in viewing all facts in light favorable to the non-moving party, see Salahuddin v. Coughlin, 993 F. 2d 306, 3078 (2nd Cir. 199#0, there are certain numerous materials issues in dispute requiring denisl of defendants' Motion for Summary Judgment.

- - - - - - - - - - - - - - - -

Note 1:  Plaintiff was not fully provided with the documents and information requested pursuant to his discovery demands prevents  the plaintiff's from adducing evidence to support his claims.  -2-

Plaintiff have shown herein and in his moving papers that the actual motivating factor for the adverse action taken against him by defendants' stemmed from protected rights when the plaintiff's filed grievance complaints and a Civil Rights Lawsuit against various prison officials at Mid-Correctional Facility in March 2007 and June 2007, see Laurence v. Achtyl, 20 F. 3rd 529, 534-535 (2nd Cir. 1994), which the conduct at issue here was constitutionally protected rights and that the protected conduct was a substantial or motivating factor in the prison officials' decision to issue Misbehavior Reports against plaintiff and to discipline him precluding Summary Judgment.

Moreover, it have been held that such temporal proximity between an inmate's lawsuit and disciplinary action may serve as circumstantial evidence of retaliation, see Fkaherty v. Coughlin, 713 F. 2d 10, 13-14 (2nd Cir. 1983)(Timing of litigation and alleged retaliation may be significant), which there is no different between filing of grievance complaints, as occurred in in plaintiff case, and the issuing of Misbehavior Reports against the plaintiff's by defendants two days later, see Flahery, 713 F. 2d at 14, see also Harris v. Fleming, 839 F. 2d 1232, 1238.

Here, plaintiff have actually offers more than circumstantial evidence or conclusory allegations of retaliation, but, also, presents direct evidence of retaliation's against him by defendants Rhoomes, Andino and Faliski to defeat Motion for Summary Judgment, and to require the Court to submit a question of fact to a jury.

## B.      Plaintiff Supervisory Claims.

Plaintiff contends that Superintendent Van Buren of Mid-Orange Correctional Facility was negligent in supervising her subordinates, in particular defendants Rhoomes, Andino and Faliski, and that defendant Jones as Deputy Superintendent for Programs, failed to properly supervised defendant Rhoomes in operating the facility Law Library  and to monitor the Law Library's when he and Superintendent Van Buren's allowed defendant Rhoomes to operate the Law Library as though it were her own personal Law Library's and that she can select who utilized the Law Library resources.

Moreover, defendants Van Buren and Jones maybe held liable as supervisors alone under the respondeat superior theory for failing - - - - - - - to adequately supervised subordinates, see Wright v. Smith , 21 F, 3rd 496, 501 (2nd Cir. 1994), because they willfully turn a blind eye to plaintiff Civil Rights violations caused by their subordinates.

## Plaintif's Opposition to Summary Judgment Motion

### Retaliation

-3-

Plaintiff claims that defendants Rhoomes, Andino and Faliski retaliated against him for filing grievance complaints and a 1983 Civil Rights Lawsuit against various prison officials at Mid-Orange Correctional Facility in March 2007 and June 2007. It is well established that prison officials may not retaliate against inmates for exercising their constitutionally protected rights, see Gayle v. Gonyea, 313 F. 3rd at 682, see also Franco v. Kelly, 854 F. 2d at 589, which the plaintiff's have demonstrate that (1) the speech or conduct at issue in the in plaintiff complaint was protected, and that (2) the defendants took adverse action against the plaintiff, and that (3) there was a causal connection between the protected speech and the adverse action, see Gill v. Pidlypchak, 389 F. 3d 379, 380 (2nd Cir. 2004).

Plaintiff further claims in his moving papers that defendant Rhoomes retaliated against him for filing grievance complaints against her by issuing a Misbehavior report against the plaintif's and in concocted and afbricated disciplinary charges which defendant Andino acted in concert therewith, and that defendant Faliski also retaliated against the plaintiff by threatening him with additional write-ups if plaintiff appeal his decision rendered on the charges contained in the Misbehavior Report and by falsifying disciplinary charges.

It is undisputed that plaintiff has satisfied the first prong of his retaliation cause of action because by filing of prison grievances complaints is a constitutionally protected activity, see Gayle v. Gonyea, 313 F. 3rd at 682; see also Franco v. Kelly, 854 F. 2d at 590, Bartley v. Collins, 2006 U. S. Dist. LEXIS 28285, 95 Civ. 10161 (TJH), 2006 WL 1289256, at *4 (S. D. N. Y. May 10, 2006), but the plaintiff's also alleges that the defendants conduct was deliberate and malicious resulted in actual injury to plaintiff such as to preclude Summary Judgment.

## Personal Involement in Violating constitutional rights

Contrary to defendants attorney claims, there is sufficient evidence showing that defendants Van Buren and Jones was personally involved in violating plaintiff constitutional rights.

Therefore, plaintiff claims against defendants Van Buren and Jones should not be dismissed, because the evidence show that they was grossly negligent in managing their subordinates who caused the Civil Rights Violation who had an affirmate duty to intercede, see Williams v. Smith, 718 F. 2d 319, 323 (2nd Cir. 1986). Moreover, plaintiff have demonstrated in his complaint and other moving papers personally involvement of these defendants' in violation of his constitutional rights deprivations, because the defendants failed to remedy the Civil Rights Violation after learning of it, see Spencer v. Doe, 139 F. 3rd 107, 112 (2nd Cir. 1998).

Defendant Van Buren claims that, as Superintendent, she was unaware of the policy and procedure pertaining to inmates making xerox copies, and that she had no knowledge that the Law Library had no workable Xerox Machine for more than a year while the Superintendent of Mid-Ornage Correctional Facility.

-4-

Yet, despite documentation to the contrary, defendant Van Buren continue claiming that the Xerox Machine in the Law Library was working on March 30, 2007. Certainly, a prison official may not insulate himself or herself from Civil Rights Violation liability by claiming to be ignorant of the policy and procedure of a facility that they was appointed to run, nor from liability by merely delegating certain task to subordinates.

## Defendants are not Entitled to Qualified Immunity

The defense of qualified immunity does not apply if the person or State Official's conduct violates clearly establish statutory and constitutional rights of which a reasonable person's or State Official would know, see Harlow v. Fitzgerald, 457 U. S. 800, 818 (1982); see also LaBounty Coughlin, 137 F. 3rd 68, 73 (2nd Cir. 1998), Lewis v. Cowen, 165 F. 3rd 154, 166 (2nd Cir. 1999), which a right is clearly establish if the contoues of the right [are] sufficiently clear that a reasonable person or State official's would understand that what he or [she] is doing violates that right, see Anderson v. Creighton, 483 U. S. 635, 640 (1987) ,see also Harris v. Fleming, 839 F. 2d 1232, 1238 (7th Cir. 1988).

The chronic difficulty in applying the test for qualified immunity is to define the right at issue in a manner that is neither too broad (thereby exposing officials to numerous suits based on violations of abstract rights) nor too narrow (thereby insulating nearly all discretionary decisions from liability), see Warren v. Keane, 196 F. 3rd 330, 333 (2nd Cir. 1999).

CONCLUSION

For all the foregoing reasons, the defendants proposed Summary Summary Motion is not warrant, and if such is filed must be denied in its entirety.

Respectfully submitted,

Samuel Davis, Pro se
92-A-2437
P. O. Box 1245
Beacon, NY 12508

-5-

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/14/09_

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

**ANDREW M. CUOMO**
Attorney General

**LESLIE G. LEACH**
Executive Deputy Attorney General
Division of State Counsel

212-416-6295

**JUNE DUFFY**
Assistant Attorney General in Charge
Litigation Bureau

October 9, 2009

**BY HAND**
Honorable John G. Koeltl
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street, Rm. 1030
New York, New York 10007

*The parties may move for summary judgment by November 13, 2008. The surge to respond is December 21, 2009. The time to reply is January 4, 2009. The defendants should provide a courtesy copy of all papers to the Court when ... the motion is fully briefed.*

Re: <u>Samuel Davis v. Rhoomes, et al. / 07 Cv. 6592 (JGK)</u>

Dear Judge Koeltl:

*So ordered.*
*Mr. J Koeltl*
10/13/09   *Un-S.D.-J.*

I represent defendants Van Buren, Jones, Faliski, Rhoomes and Andino in this matter. Pursuant to Your Honor's rules and Judge Katz' order dated September 23, 2009, I submit this letter outlining the proposed basis for defendants' summary judgment motion.

**Allegations in Second Amended Complaint**

**A.    Retaliation**

Plaintiff alleges that former Correction Officer Rhoomes, the law library officer at Mid Orange Correctional Facility, destroyed some of his legal papers and issued plaintiff a false misbehavior report on March 30, 2007, in retaliation for an earlier grievance plaintiff had filed against her on March 26, 2007. See, Second Amended Complaint at ¶ 60. Plaintiff also alleges that Correction Officer Andino acted in concert with officer Rhoomes in writing the false misbehavior report and retaliating against plaintiff. Id. at ¶¶ 60, 60-93.

With respect to Lieutenant Faliski, the hearing officer who conducted the disciplinary hearing into the March 30, 2007 misbehavior report, plaintiff alleges that he "knew that there was lacking of substantial evidence to support the charges and ... defendant Faliski also knew the charges was bogus." Id. at ¶ 128. Plaintiff also alleges that "he ... harassed plaintiff and sought to retaliate against the plaintiff[ ] by threaten him with additional (write-ups) disciplinary charges if plaintiff appeal his decision rendered on the charges in the Misbehavior Report ..." Id. at ¶ 120. Moreover, plaintiff alleges that Lieut. Faliski falsified disciplinary charges against plaintiff in the misbehavior report issued on October 5, 2007, when he reviewed the report, in "retaliation ...for filing the lawsuit against him in June 2007." Id. at ¶¶ 48, 134, 138.

Hon. John G. Koeltl
Davis v. Rhoomes, et al., 07 Civ. 6592 (JGK)                                    2

As set forth below, defendants will move for summary judgment on plaintiff's retaliation claim on the ground that plaintiff cannot establish a triable issue of fact with respect to the causal connection between the speech and alleged adverse action. Moreover, defendants can prove that they would have issued plaintiff the misbehavior report on March 30, 2007 regardless of the alleged retaliatory motive.

## B.    Supervisory Liability Claims

Plaintiff alleges that former Superintendent Van Buren's negligent supervision of Corrections Officers Rhoomes and Andino resulted in their retaliation of plaintiff. Id. at ¶ 156. Plaintiff also alleges that former Deputy Superintendent Jones was responsible as a supervisor for officer Rhoomes' retaliation. Id. at ¶ 116.

Former Superintendent Van Buren and former Deputy Superintendent Jones intend to move for summary judgment on the grounds that plaintiff has failed to establish a retaliation claim. They also intends to argue that they cannot be liable solely on the theory of respondeat superior.

## Defendants' Proposed Motion for Summary Judgment

### Retaliation

A plaintiff asserting First Amendment retaliation claims must advance non-conclusory allegations establishing: (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action. See, Dawes v. Walker, 239 F.3d 489 (2d Cir. 2001); See also, Lunney v. Brureton, 2005 U.S. Dist. LEXIS 770, *30-31 (S.D.N.Y. 2005); Gill v. Riddick, 2005 U.S. Dist. LEXIS 5394, *26 (N.D.N.Y. 2005). Plaintiff has failed to establish that there was any causal connection between the grievance he filed against officer Rhoomes on March 26, 2007 and the alleged adverse action against him by officer Rhoomes, officer Andino and Lieutenant Faliski. Plaintiff has also failed to establish the causal connection between naming Lieutenant Faliski in this lawsuit and the misbehavior reports plaintiff was issued on October 5 and 16, 2007. Accordingly, defendants Rhoomes, Andino and Faliski are entitled to judgment as a matter of law.

### Personal Involvement

Based on plaintiffs allegations, and the discovery to date, former Superintendent Van Buren and former Deputy Superintendent Jones were not personally involved in any constitutional violations. It is well settled in this Circuit that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under 42 U.S.C. Sec. 1983." Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (quoting, Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)); See also, Santiago v. Meinsen, 89 F. Supp.2d 435, 442 (S.D.N.Y. February 25, 2000). The allegations against former Superintendent Van Buren and former Deputy Superintendent Jones for failing to supervise are barred since liability of supervisory officials under 42 USC § 1983 cannot be premised on the theory of respondeat superior. It is well established that "absent some personal involvement by [the Superintendent of a DOCS facility] in the allegedly unlawful conduct of his subordinates, he cannot be held liable under Section 1983." Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987). Accordingly, defendants Van Buren and Jones are entitled to judgment as a matter of law on the retaliation claim.

Hon. John G. Koeltl
Davis v. Rhoomes, et al., 07 Civ. 6592 (JGK)                                              3

### Qualified Immunity

Qualified immunity "provid[es] government officials performing discretionary functions with a qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987). Since defendants actions in this case were objectively reasonable, the defendants are all entitled to qualified immunity.

### Conclusion

Based on the foregoing, it is respectfully requested that defendants be granted either a pre-motion conference or a briefing schedule granting leave to proceed with defendants' proposed motion for summary judgment. While defendants believe that they have addressed all of the arguments they intend to raise in their motion for summary judgment, should defendants discover any other viable grounds previously overlooked, they respectfully request the opportunity to move on those grounds as well.

Based on the number of declarations defendants anticipate needing in support of their motion for summary judgment, defendants respectfully propose the following briefing schedule for the Court to consider:

Defendants motion for summary judgement will be filed by November 13, 2009; plaintiff's opposition will filed by December 4, 2009 and defendants' reply will be filed by December 18, 2009.


                                                   Respectfully Submitted,


                                                   MARIA BAROUS HARTOFILAS
                                                   Assistant Attorney General


cc:      Samuel Davis
         Pro Se Plaintiff
         By First Class Mail